# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAREK J. KITLINSKI,

    Appellant,

     v.

DEPARTMENT OF JUSTICE,

    Agency.

DOCKET NUMBER
SF-4324-14-0184-I-2

DATE: November 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin E. Byrnes, Esquire, Falls Church, Virginia, for the appellant.

Tamara H. Kassabian, Esquire, Springfield, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        During the time relevant to this appeal, the appellant held the position of a Supervisory Criminal Investigator with the agency's Drug Enforcement Administration (DEA or agency) in San Diego, California. *Kitlinski v. Department of Justice*, MSPB Docket No. SF-4324-14-0184-I-1, Initial Appeal File (IAF), Tab 9 at 28 of 64. The appellant's wife is also an employee of the agency and, effective February 2011, she was selected for a position with the agency in Arlington, Virginia. *Id.* at 9 of 64. When his wife was selected for employment in Virginia, the appellant was on full-time active duty with the U.S. Coast Guard in Washington, D.C. IAF, Tab 1.

¶3        After his wife was approved for a transfer to Virginia, the appellant submitted a request to the agency's Career Board for an internal transfer pursuant to the agency's Married Core-Series Transfer (MCST) policy. IAF, Tab 9 at 10 of 64. The MCST provides that, "[t]o the extent practical, and consistent with the needs of the Agency, DEA will assign married couples in core occupations . . . to the same metropolitan area. However, the assignment of core series couples must further career development objectives and meet field staffing needs." *Id.* at 61 of 64. Between March 2011, and May 2013, the appellant submitted six transfer

requests, each of which was denied. IAF, Tab 53. Additionally, he applied for two supervisory-level positions with the agency, neither of which he received. *Id*. Lastly, the appellant submitted an internal transfer request in November 2013, "pursuant to USERRA," which was also denied. *Id*. Throughout this time, the appellant remained on full-time active duty with the U.S. Coast Guard.[2] IAF, Tab 1.

¶4 The appellant filed the instant USERRA appeal contesting each of these denials and nonselections. *Id*. The administrative judge found that the appellant established jurisdiction over his USERRA appeal and, following a hearing, he denied the appellant's request for corrective action. Refiled Appeal File (RAF), Tab 38, Initial Decision (ID). In his initial decision, the administrative judge found that the appellant failed to establish by preponderant evidence that his military status was a motivating factor in any of the challenged actions, and in the alternative he found that, even if the appellant could meet his burden, the agency presented preponderant evidence that it would have made the same decisions in the absence of his military service. ID at 7-26.

¶5 The appellant has filed a petition for review only concerning the denial of his six transfer requests made pursuant the agency's MCST policy. Petition for Review (PFR) File, Tab 1 at 4. On review, the appellant argues that the administrative judge erred in rendering his credibility determinations and in denying a post-hearing motion to strike portions of the hearing testimony based on the agency's purported discovery failures. *Id*. at 14-17, 21-22. Additionally, the appellant argues that the administrative judge overlooked direct evidence of the agency's military bias and that the agency failed to meet its burden of showing that it would have taken the same action in the absence of his military

---

[2] The agency subsequently granted the appellant's request for a transfer to its Washington, D.C., field office in December 2014. *See* Refiled Appeal File (RAF), Tab 26 at 11-12.

status.  *Id*. at 19-20, 25-27.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 3.

¶6      USERRA provides in relevant part that a "person who is a member of . . . a uniformed service shall not be denied . . . any benefit of employment by an employer on the basis of that membership."  38 U.S.C. § 4311(a); *Brasch v. Department of Transportation*, 101 M.S.P.R. 145, ¶ 8 (2006).  An employer violates section 4311(a) when an individual's military status is a motivating factor in the employer's action, "unless the employer can prove that the action would have been taken in the absence of such membership[.]"  *Brasch*, 101 M.S.P.R. 145, ¶ 8 (quoting 38 U.S.C. § 4311(c)(1)).  An employee making a USERRA claim of discrimination bears the initial burden of showing by a preponderance of the evidence that the employee's military service was a substantial or motivating factor in the challenged action.  *Id*.  An employee may meet this standard with either direct or circumstantial evidence; circumstantial evidence of discrimination could include, among other things, the proximity in time between the military activity and the challenged action, inconsistencies between the agency's reasons and its actions, and disparate treatment of certain employees as compared to others with similar work records.  *Id*., ¶ 9 (citing *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001)).  If the employee meets this requirement, the employer has the opportunity to come forward with evidence to show, by preponderant evidence, that it would have taken the challenged action even in the absence of the employee's military service.  *Id*., ¶ 8.

¶7      We have reviewed the initial decision and the arguments raised by the appellant on petition for review, and we find no reason to differ with the administrative judge's denial of corrective action.  We concur with the administrative judge that there is no evidence of military animus on the part of the agency in denying the appellant's several transfer requests.  Specifically, we agree with the administrative judge that there is no evidence of military animus

concerning the denial of the appellant's first four transfer requests.[3] The only evidence of such alleged animus proffered by the appellant concerning these denials—an employee allegedly abruptly ending a conversation with the appellant upon learning of his military service—is insufficient to demonstrate by preponderant evidence that his military service was a motivating factor in the Career Board's denials of these transfer requests. *See* ID at 16-18.

¶8       On review, the appellant challenges the administrative judge's credibility determinations rendered in support of his findings concerning these denials. PFR File, Tab 1 at 14-16. The administrative judge's credibility determinations, however, are premised on one of the agency's witness's demeanor during the hearing, *see* ID at 17, and the appellant's disagreement with the administrative judge's factual conclusions based upon this testimony, alone, does not establish a basis for overturning the initial decision, *see Bruneau v. Department of the Navy*, 73 M.S.P.R. 308, 311-12 (1997); PFR File, Tab 1 at 16-17. Such credibility determinations, moreover, are virtually unreviewable on petition for review, and the appellant has presented no reason for us to discredit the administrative judge's credibility findings as incomplete or otherwise inconsistent with the weight of the evidence in the record. *See Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 5 (2011).

¶9       Although we agree with the appellant that the Career Board was aware of his military service when it considered his transfer requests, *see, e.g*, PFR File, Tab 1 at 15, 17, the appellant must put forth more than his record of military service to prove a violation of USERRA, *see Sheehan*, 240 F.3d at 1015. We find that the appellant has not met this showing. Similarly, we are unpersuaded by the appellant's reliance on the alleged animus of one employee under the cat's paw

---

[3] These include the appellant's transfer requests dated March 11, 2011, June 20, 2011, January 3, 2012, and May 29, 2012. Because the appellant argued that there is separate evidence of military bias based on comments made during Career Board meetings that post-date these transfer denials, we analyze the latter transfer denials separately. *See infra* ¶ 10.

theory of liability. *See* PFR File, Tab 1 at 16; *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 19 (2014) (describing the cat's paw theory of liability). Based upon the administrative judge's credibility determinations, which warrant our deference, we find no support for the appellant's theory that one employee impermissibly caused the agency's Career Board to deny the appellant's several transfer requests on account of his military service.

¶10 The appellant also argues that two separate comments made during the Career Board's meetings in September 2012, and May 2013, demonstrate the agency's military bias. PFR File, Tab 1 at 26-27. In both instances, someone present at the Career Board's meetings commented about the appellant's active duty status with the U.S. Coast Guard, in one instance rhetorically asking whether he would receive an extension of his U.S. Coast Guard assignment if he did not receive a transfer within the agency and, in the other, posing the question of whether he believed he worked for the agency or the U.S. Coast Guard. *See* ID at 23 n.24 & 25 n.26.

¶11 Although these comments reflect that the appellant's active duty status with the U.S. Coast Guard was discussed at the Career Board meeting, we agree with the administrative judge that these comments do not demonstrate by a preponderance of the evidence that his military service factored into the agency's denials of his transfer requests. *See McMillan v. Department of Justice*, 120 M.S.P.R. 1, ¶ 20 (2013). Importantly, these comments are unrelated to the agency's actual denials of his transfer requests, and they are not probative of whether his military service was "one of the reasons for [the agency's] decision." *Id*. (quoting *Escher v. BWXT Y-12, LLC*, 627 F.3d 1020, 1026 (6th Cir. 2010)).

¶12 We agree with the administrative judge, moreover, that the comment made during the September 2012 Career Board meeting is countermanded by the statements of another Career Board member who stressed the importance of considering the appellant's transfer request in a fair manner, but explained that

the appellant could not be transferred to headquarters because he lacked 4 years of supervisory field experience. *See* ID at 23 n.24 (quoting RAF, Tab 12 at 55-56 of 87); *see also* IAF, Tab 9 at 58-59 of 64. The Board will consider all the evidence when assessing whether the appellant has proven that his protected military status motivated the agency's conduct. *See McMillan*, 120 M.S.P.R. 1, ¶ 20. Such a holistic view of the Career Board's September 2012 deliberations reflects that the appellant's military status was not part of the agency's underlying rationale for denying his September 2012 request.

¶13 As to the second comment referencing the appellant's military service, which was recorded during the Career Board's May 15, 2013 meeting, the appellant has failed to establish who made this comment and to what extent, if any, this comment influenced the Career Board's denial of the appellant's last two transfer requests.[4] *See* ID at 25 n.26; RAF, Tab 25 at 30-31. Such an absence of proof is fatal to the appellant's burden of demonstrating that his military service was a motivating factor in the agency's denial of his transfer requests.[5]

¶14 We further find that these comments are not direct evidence of military bias. Generally, direct evidence of discrimination is any statement made by an employer that (1) reflects directly the alleged discriminatory attitude, and (2) bears directly on the contested employment decision. *See Arredondo v. U.S. Postal Service*, 85 M.S.P.R. 113, ¶ 13 (2000). Even assuming that these

[4] This issue was extensively explored by the appellant's attorney with several agency witnesses during the hearing. We defer to the administrative judge's finding that this comment was made after the Career Board already had voted to deny the appellant's MCST request that day. ID at 25 n.26. We likewise defer to the administrative judge's other credibility and factual determinations supporting his finding that this single comment does not establish evidence of military bias in connection with the Career Board's denial.

[5] We further agree with the administrative judge that the agency presented sufficient evidence that it would have denied his last three transfer requests based upon its policy that generally restricted supervisory transfers to headquarters until an employee had accrued 4 years of supervisory service. *See* ID at 22 n.22; IAF, Tab 9 at 58 of 64.

comments directly reflect a discriminatory attitude toward the appellant based on his military service, we find neither comment bears directly on the contested transfer denials at issue, and that the agency has further presented preponderant evidence that it would have denied his requests even in the absence of his military service pursuant to its policies governing transfers to supervisory positions at its headquarters.  IAF, Tab 9 at 58-59 of 64.

¶15    The appellant also challenges the administrative judge's denial of his motion to strike portions of the hearing testimony based on the agency's alleged discovery deficiencies.  PFR File, Tab 1 at 21-22.  We find that the administrative judge did not abuse his discretion in denying the motion to strike.  RAF, Tab 37.  The record below reflects that the administrative judge granted the appellant's earlier motion to compel the production of certain documents and information during the prehearing discovery phase of the appeal.  IAF, Tab 43.  Following his order, however, neither party raised any unresolved discovery matters with the administrative judge prior to the hearing.  *See, e.g.*, RAF, Tab 5; IAF, Tab 53 (prehearing conference summary stating that the "parties indicated discovery was complete with the exception of one or more depositions").  Despite this, the appellant argued at the outset of the hearing that the agency had failed to comply with the administrative judge's discovery order granting his motion to compel and that it had not produced certain documents, including a rotational list that ranked field supervisors, by seniority, who were eligible to transfer to headquarters.  Hearing Transcript, Volume 1 at 16-18.  After some of the agency's witnesses testified at the hearing that the appellant had not completed the minimum 4-year supervisory period needed to be eligible to transfer to headquarters, the appellant argued that these portions of the hearing testimony should be struck based on the agency's failure to produce the rotational list ranking eligible employees.  The administrative judge allowed the appellant to file a post-hearing motion to strike, RAF, Tab 21, which he denied, finding that the information sought by the appellant was irrelevant because he had not yet served 4 years as a supervisor,

and thus was ineligible for a transfer to headquarters under the agency's policies, RAF, Tab 37.

¶16    We find no error in the administrative judge's denial of the appellant's motion to strike.  An administrative judge has broad discretion to regulate the proceedings before him, including the ability to rule on discovery motions and to impose sanctions as necessary to serve the ends of justice.  *See Defense Intelligence Agency v. Department of Defense*, 122 M.S.P.R. 444, ¶ 16 (2015). We agree with the administrative judge that, even if the appellant sought the rotational list in discovery,[6] the agency's failure to produce the rotational list did not adversely impact the appellant because he had not served 4 years in his supervisory role at the time of his requests and, pursuant to agency policy, which was disclosed during discovery, he was ineligible for a transfer to a headquarters supervisory position.  IAF, Tab 9 at 58-59 of 64 (the agency's headquarters rotational policy specifying that "Special Agents promoted to GS-14 positions will serve a minimum of four years in a field supervisory assignment or assignments."); RAF, Tab 37 at 3.  Thus, the information sought by the appellant was immaterial to his claim of military bias, and we agree that the ends of justice did not warrant the striking of testimony.  *See Jacoby v. U.S. Postal Service*, 85 M.S.P.R. 554, ¶ 8 (2000) (noting that a party moving for sanctions must demonstrate prejudice stemming from the discovery deficiencies).  We further agree with the administrative judge that there was no basis for drawing an adverse inference against the agency concerning its policy that supervisors must have 4 years of field supervisory experience before becoming eligible for a transfer to headquarters.  RAF, Tab 37 at 3.  The agency disclosed this policy both in its agency file and during discovery, and the failure to produce a list of

---

[6] The agency disputed that the appellant had sought a copy of the rotational list in discovery.  RAF, Tab 22.

employees eligible for a transfer does not warrant an inference that the agency did not have such a policy in place.[7]

¶17 Lastly, although not challenged by the appellant on review, we have considered the remainder of the administrative judge's initial decision denying corrective action based upon the appellant's nonselection for two supervisory positions and the denial of his request for a transfer pursuant to USERRA. ID at 7-14, 24. We agree with the administrative judge's denial of corrective action as to these issues.

¶18 Accordingly, after thoroughly considering the appellant's arguments on review, we find no reason to differ with the administrative judge's denial of corrective action. The initial decision is affirmed, and the appellant's petition for review is denied.

---

[7] We similarly find that employees who had 4 years of supervisory experience, and were thus eligible for rotation into headquarters, are not similarly situated to the appellant, and that the agency's failure to provide the rotational list did not impair the appellant's ability to demonstrate disparate treatment based on his military status. *See Sheehan*, 240 F.3d at 1014 (explaining that disparate treatment between similarly situated employees "with similar work records" is one way for an appellant to establish a violation of USERRA). To the extent the appellant argues on review that other employees were exempted from this 4-year service requirement, his petition for review is devoid of either factual support or citation to the record supporting this alleged disparity in treatment. PFR File, Tab 1 at 26. We further find unconvincing the appellant's argument that the agency did not plead the existence of a 4-year supervisory service prerequisite as an affirmative defense. *Id.* at 19-20. Although the Board employs a burden-shifting analysis in USERRA appeals, the agency's burden to show that it would have taken the same action in the absence of the appellant's military service is not an affirmative defense under 5 C.F.R. § 1201.56, but rather is part of the overall assessment employed to determine whether an agency has violated the statute. *See* 38 U.S.C. § 4311(c)(1); 5 C.F.R. §§ 1201.56-1201.57. Under 5 C.F.R. § 1201.56, an affirmative defense is an independent claim by an appellant, for which he bears the burden of proof, that an agency committed some category of wrongdoing in effecting an action appealable under 5 U.S.C. chapters 43 or 75. *See* 5 C.F.R. § 1201.56(c). That concept is inapplicable in this appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____

                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.